**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| THOMAS E. KELLY, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | Civil Action No.  MO-10-CV-31-RAJ |
| | § | |
| MARY THOMPSON, | § | |
| | § | |
| *Defendant*. | § | |

**ORDER**

On this day the Court considered Plaintiff's Application for a Temporary Restraining Order. Having considered Plaintiff's Verified Complaint and Application, a Temporary Restraining Order is GRANTED.

The Federal Rules of Civil Procedure give a court the discretion to issue a temporary restraining order "only if specific facts in an affidavit or verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant . . . and the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required." FED. R. CIV. P. 65(b).  The Fifth Circuit Court of Appeals has repeatedly outlined the standards that a district court is to consider when deciding whether to grant preliminary injunctive relief:

> (1) a substantial likelihood of success on the merits, (2) a substantial threat of irreparable injury if the injunction is not issued, (3) that the threatened injury if the injunction is denied outweighs any harm that will result if the injunction is granted, and (4) that the grant of an injunction will not disserve the public interest.

*Palmer ex rel. Palmer v. Waxahachie Indep. Sch. Dist.*, 579 F.3d 502, 506 (5th Cir. 2009) (quoting *Byrum v. Landreth*, 566 F.3d 442, 445 (5th Cir. 2009)).

Plaintiff Thomas E. Kelly ("Kelly") filed a Verified Complaint and an Application for Temporary Restraining Order.  It appears from the verified facts contained in the Complaint and Application as well as those stated in the Appendix in Support of the Application for Temporary Restraining Order that unless Defendant Mary Thompson, Bank of America, and anyone else who is acting in active concert or participation with her or it is immediately restrained from directly or indirectly accessing, withdrawing, transferring, removing, dissipating, assigning, or disposing of the funds wired by Kelly to the Bank of America account owned and/or controlled by Defendant, Kelly will be irreparable harmed.

Moreover, unless she is restrained from doing so, it is probable that Defendant will remove the funds from the account and disappear, which is evident by Defendant's current misrepresentations regarding delivery of the purchased vehicle and unanswered calls and emails. Thus, if the Defendant is not enjoined from accessing the account, Kelly is likely to suffer irreparable injury.  It appears that Kelly has a probable right of recovery pursuant to his state law claims of breach of contract, money had and received, and fraud as well as 18 U.S.C. § 1962.

Further, it appears to the Court that if such activity is not restrained, without notice, Kelly may suffer the irreparable harm described above, before a hearing can be held on the application. The threatened injury outweighs any harm that will result if the temporary restraining order is granted, and the issuance of such an order will not disserve the public interest.  Therefore, issuance of a temporary restraining order without notice to the opposing party is warranted.

IT IS, THEREFORE, ORDERED that Defendant, Bank of America, and anyone else who is acting in active concert or participation with Mary Thompson on it, be restrained from, directly or indirectly, accessing, withdrawing, transferring, removing, dissipating, assigning, or disposing of the funds wired by Kelly to Bank of America account no. 334028325108 in the state of Georgia.

IT IS FURTHER ORDERED that Defendant appear before United States Magistrate Judge David Counts at 2:00 P.M. on April 13, 2010, in the Magistrate Judge's Courtroom of the U.S. District Courthouse in Midland, Texas, then and there to show cause, if any there be, why a preliminary injunction should not be issued as requested by Kelly.  The Clerk of the Court is directed to issue a show cause notice to Defendant to appear at the preliminary injunction hearing.

IT IS FURTHER ORDERED that this Order shall not be effective unless and until Kelly executes and files with the clerk a bond or cash in lieu of bond, in conformity with Local Rule 65.1, in the amount of one thousand and no/100 dollars ($1,000.00).

IT IS FURTHER ORDERED that unless this Court extends this Order, or Defendant agrees, this Order shall expire at the conclusion of the hearing on Preliminary Injunction set forth above or April 14, 2010, whichever is earlier.

It is so ORDERED.

SIGNED at 11:30 A.M. Central Time on this 31st day of March, 2010.


_____

XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE